Defendant's Appellant Ms. Fick? Good Morning your honors. How are you both? Good Morning. My name is Ann Fick. I'm from the office of the State Appellate Defender and I represent the Defendant Appellant Andre Bridges. May it please the court. Reversal and remand are necessary in this case for one primary reason and that's the failure to comply with Supreme Court Rule 604D. Additionally, exacerbating those violations of the rule is the fact that my client's presence was never waived at any proceeding following or before his motion to withdraw. It's well established that 604D demands strict compliance and here the proceedings fell far short of that. They were actually rendered virtually meaningless because there was no evidence provided to support any of the claims that were made in the motion. Well but the trial judge said that he had taken the plea, he recalled the testimony, he had a specific recollection of what had transpired of how the defendant answered the question so under those circumstances how is the defendant prejudiced? Well first of all under 604D prejudice does not need to be shown. However, the judge's recollection, the admonishments do not reveal my client's mental state at that time. But there was no allegation he was unfit, correct? And the mental state would go to the voluntariness issue or what? Intelligently entering into the plea and voluntariness. And when you say intelligently entering into the plea you mean he wasn't able to understand what the judge had to say? Correct, he could not make the right decisions based on the lack of proper medication and treatment and the fact that he was under duress from the threat to his mother. Now counsel here did file what appears to be on its face a compliant 604D certificate. However, that's undermined by the record and it specifically contradicts paragraph 5 of the certificate which claims that counsel did make the necessary amendments for an adequate presentation of Mr. Bridges' claims. Now the plaintiff has no hearing in this. Under people v Tejada Soto a meaningful hearing is required and nothing close to that happened in this case. In fact there was not even the charade of one as Tejada Soto warns against. And even if what did occur is construed as a hearing it can be described at best as pro forma. Counsel presented no oral argument, testimony or other evidence to support Mr. Bridges' assertions that his plea was made unintelligently and involuntarily. Any number of witnesses could have been called, Mr. Bridges himself, his mother, jail personnel, doctors, perhaps a host of others, and an evidentiary hearing would have given the defendant the opportunity to connect his mental health with the state of mind at the plea hearing. And counsel actually, post plea counsel actually mentions that she could have the defendant testify but inexplicably chose not to. The lack of a hearing here is particularly egregious because of the lack of documentation or an updated affidavit to support these claims that were based on facts outside of the record. Is an affidavit required? Yes, under the Supreme Court rules. What was outside the record if the trial court made the observation? It was the fact that he was diagnosed with these illnesses and that he was on medication and he was not receiving proper treatment. But the fact that someone is, has a mental illness and is on medication doesn't necessarily mean, I'll go back to fitness, that they are unfit. So I'm still not sure I see the connection. I mean, unless someone perhaps is hearing voices or something which would interfere with their ability to understand or hear what the judge is saying, I don't understand what connection there could even be in a courtroom at a hearing. Well, the lack of the 604D compliance is what prevents that in this situation. He would have had the opportunity to show what those illnesses were and the judge would have had an opportunity to rule based on the information and the evidence presented to him. He would have had, you mean to say he would have called an expert in, a doctor to talk about the fact that he may have been diagnosed with a mental illness that would require Seroquel as a medication and how that may or may not interfere with someone's ability to think. I'm not sure generally that's the case. Well, certainly Mr. Bridges could have testified himself or the jail personnel. There is evidence that the lack of documentation provided in this is not because it was not available. On page 90 of the reported proceedings it says counsel actually has medical records. But even if the medical records show that he had a mental illness, I don't see where that would have necessarily made a difference or indicated that his plea was not an intelligent plea. Again, it is the post plea counsel's responsibility to make sure that the record is presented accurately and that these claims can be adequately presented so that my client gets a fair hearing. You know, I really enjoyed the judge who had no other choice but to rule as he did because post plea counsel did not provide any corroborating information, one that was clearly information available or that could have been available even if it was my client testifying at a hearing. My client didn't even have the opportunity to present, you know, if he had some critical issues with his attorney post plea. So my client was denied a fair hearing here. And as I alluded to, there was no documentation to support any of the claims made that were based on facts outside of the record. He was being improperly treated for bipolar disorder and ADHD, required four different medicines and was only receiving one. What you're really asking for is that it be remanded and done over the right way as opposed to claiming that there's no evidence to support the failure and that you should actually get a vacation of the plea outright? Yes, I would like a reversible remand in this. I believe that's the appropriate remedy under 604D. Just a little bit more information as to this is that this obviously, this lack of information that counsel provided did in fact impact the ruling. The judge states in his ruling that there was no evidence other than the allegations in the motion that he needed this medication. It's similar for the claim of duress that he was under, that there was no information that could have supported his claim. Additionally, as we discussed, there was no updated affidavit attached to this. So not only did my client not have any opportunity to testify at a hearing or present any other information, the claims made based on facts made outside the record were never attested to by my client. The fact finding occurs at the trial level and 604D requires, contemplates this, that the facts be made fair so that a record can be made and avoid needless trips to the appellate court or post-conviction proceedings. The rule is designed to establish this and post-plea counsel gave the judge nothing that he could use to rule in my client's favor. If there are no other questions, I ask that the ruling here be reversed and the case be remanded for pleadings complying to 604D. Good morning, Your Honor. Good morning, Ms. Swiss. This was a meaningful hearing and this is an unusual hearing, but it's because of what occurred prior to the date when they were last given the chance to, you know, to add anything or to argue. That date before, they were in court to determine whether the state would actually be filing some type of reply. And at that point, the trial court questioned defense counsel and said, are we going to be having an evidentiary hearing, basically, you know, what's the plan here? And counsel said that she planned to call defendant, so obviously there was an intent to do what was necessary, unless the state did not want to dispute the facts. And the facts were set out very clearly and I would suggest, you know, that this was not both voluntary and intelligent in the amended motion to vacate the guilty plea. At that point, the state said, it didn't directly answer, but what it said is, we intend, we have a record, the record shows what was said in terms of the admonishments and in terms of whether it was intelligent, whether it was, you know, whether he knew what he was doing, and also in terms of whether he was threatened by anyone. That was asked by the court, and he said, no, and it was by anyone, and that is actually one of their complaints now. Great, but isn't that the whole point of a motion like this, where all the allegations are about events, things, what was done and what was failed to be done, that are outside the record for the social, and the state says, we're going to rely on the record, doesn't that kind of make the defendant's case here? No, no, it only makes the defendant's case. Because all of the allegations in this petition are things that happened outside of the purview of the court, outside of the four walls of the courtroom. Right, and normally, they would have, the defense would have come in then with an affidavit from the defendant. Wouldn't you think? Well, normally, I think that is true, but I think that was foreclosed by the fact, and we see that in the defense counsel's answer, which is, instead of an affidavit, she was going to do, in a sense, none better, maybe, by bringing the defendant in. That was her intent. But once the state said it was going to rely just on those allegations, then in a sense, what happened here is that those allegations in the amended complaint became accepted as true. There was no dispute by the state. They said, we're going to just rely on the record. We're not going to dispute that, in fact, you didn't get your medication. We're not going to dispute how you felt, tremors and bad dreams and the other things. He said, we're not going to dispute that, you know, in fact, there was threats against, you know, your mother's house. Those things were then settled. How do you reconcile, then, the judge's statement that there was no evidence presented? Well, the judge is saying that, as a legal matter, and that's what he said he would determine or not, as a legal matter, that what's alleged in the complaint, or excuse me, in the amended motion, was not sufficient. And that could happen even with an affidavit, obviously. You can have the same type of allegations, if those same allegations had been made and signed off and notarized as, you know, by the defendant, with no nexus between. Well, are we talking essentially the, something similar to a motion for summary judgment? Are we referring to something in the nature of whether or not the cause of action is stated? Because you said something about insufficient. Is it an insufficiently stated cause of action, or is there an insufficient material issue of fact that would probably render judgment in favor of the movement? You know, without being a civil attorney, I'll have to just say that it seems to me that it is the latter. That what we have here is that even if these allegations had been made in an affidavit attached to, you know, or a defendant had to come up and testify and said pretty much what's stated right here in the amended motion, you know, that was really not necessary in this case because those, taken as a matter of law, I mean, we're looking for things like a nexus between the threats that are made and the guilty plea in order to have that override what in the court was said, which is that he understood, you know, what he was doing and he intended to go through with it. We are looking for something in the, you know, other than what was stated in the amended motion that would have to be more than what the defendant was willing to state. And I think we have to look at it in terms of this defense counsel is presumed to be competent under like a Strickland, even, you know, Strickland decision says that, that we presume people are to be competent. She filed her 604D certificate. It was compliant. She talked about getting records from the jail and from medical personnel, I guess, you know, which would have been at the jail, I presume. And all those things were done with the idea that, you know, that if they showed something that would have helped defendant in his case, they would have been, I'm sure they would have been brought in and presented as part of the motion, or they would have brought in personnel from the jail to, to argue that. But we can't look at it and say, well, because there might've been something else, this, you know, obviously there was, there was no meaningful hearing here because there could have been something else added. Why leave the allegation in? If you've gotten the records and the records were going to hurt your client, why leave the allegation stand? Well, I don't know that it would hurt, but why not bring them in? Well, if, if, if, I mean, there, it's one or the other. Either it supports his claim or it defeats his claim. But if your argument is she, I assume that her counsel was a woman. He was. If she had gotten those records and they were contrary, as an officer of the court, if nothing else, she should have withdrawn that allegation. Absolutely. But what if she didn't? And that's what she went on without any affidavit or without any supporting evidence. So either she doesn't understand what 604 requires her to do or she chose not to do it. I don't know if that's true in this case. Under these circumstances where the state has said that they are not going to be disputing those very facts, then I think at that point. That's not what you said before. You said the state said they would rely on the record. The record is what's in the transcript. The record is what has happened in court. All of the things that happened in the jail, not part of the record. That's correct. So the trial judge looks at maybe eight words in a paragraph. That's hardly evidence to support a claim. Well, Your Honor, you know, we would suggest that it is sufficient here. To support the claim? To support the claim given, to support the claim. Then the trial court was just wrong? No, to support the claim if there had been further evidence. And having the defendant there and an affidavit? Well, having the defendant there or an affidavit would not necessarily have helped us. I mean, that's that's what we don't know. And I suppose maybe what we're coming to is, you know, was this meaningful? I don't think you can take that and say that we don't know that there were additional facts not shown. And if that's the case, then that's more of a PC. That's not what we have here. What we have here is an attorney who is willing to bring in, first of all, investigate it, who secondly filled out saying that she did comply with the certificate, who is presumed competent, and then who says, I'm going to call the defendant unless, you know, there's no dispute as to these other facts which are actually not on the record. So are you saying there was, in effect, a stipulation as to what those facts were and what the record was that the trial judge would rely on? I'm sorry, say that again. Was there, in effect, a stipulation? That's what I hear you saying. That when the state said, yes, I'm willing to bring the defendant in or the jail and the jail records and all the rest of this. And the defense says, well, we'll agree that this is. In effect, it was a stipulation because that's the way the story took it. Did the defendant ever sign that stipulation? Was the defendant ever made aware of what the content of the stipulation was? No, Your Honor. I said, in effect, a stipulation. But that is what you're arguing. Is that correct? Okay. So my question is, however, if that, even if that is the case, how do you get by the strict requirements of 604D? The fact that it says, I mean, we've got the word strict, and that's the interpretation. So how do you get by the fact that we had neither an affidavit nor the defendant present to testify? Well, because in this particular case, that was basically short-circuited. That was short-circuited by the state's agreement, if you will, to the fact that there was not going to be any dispute as to the facts that are, you know, that were not of record. And that's what took place here. You know, we have also, you know, on the face, and like I say, if there was an affidavit even introduced or if the defendant even testified, you know, in the same manner that the court took those out-of-court allegations, he said he's going to take it as a matter of law, that if those same things were produced, whether it was through defendant testifying or through an affidavit, they still would not have, you know, I mean, going further and arguing that this was not an abuse of discretion and denying the motion to vacate. We still don't have facts which show that there's a nexus between something that happened 10 months earlier, a shooting at his mother's house, and something that overrides what was said in court. And what was said in court is there were no threats made to me to get me to plead guilty. And there's still nothing to show that medications which he alleges caused him tremors and bad dreams and anxiety. If we have something which supports that, you know, medical records or something which shows that he said, stated that, we might have medical records that show that he actually asked for a reduction, that, you know, something of that sort, something that was actually somewhat negative, although not defeating the claim and not showing that he was lying about it, but just showing something that could give some, you know, some sort of help to the other side. So I think we have to look at it sort of the opposite direction of, like, not what is the normal. It is what happened here which short-circuited the process, resulting in, you know, the way it was handled, and then ending up to be what I would consider to be a meaningful hearing. Most of those cases that deal with meaningful hearings are ones that are on remand after a noncompliant certificate. And we don't have that here. We don't have some type of nullity or something of that sort. But even there, I think it's to have a SOTA from this district in 2012, and that's cited by the defendant in Herbery. It's not a sure thing. Can you explain to me why you think there was a meaningful hearing when, from what I've heard, there was supposed to be affidavits submitted in the event that the defendant didn't appear and testify. But there were no affidavits presented, and the defendant did not appear and testify. So with those counterfactual conditionals extant, how is it that despite there was a lack of either paper testimony or oral testimony, how this constituted a meaningful hearing? Well, 604D says, and I have a statement in my brief that I actually, in looking this over in preparation for our argument, I feel like I conceded that there had to be an affidavit. But really, that affidavit that I'm talking about there is a different affidavit. That's an affidavit that is supposed to be made when the motion is first filed for a defendant to appear to the assertions he's making. In this case, we had a really unusual situation where there was no notary in the prison for the entire week that he was apparently filed this, and that was agreed to by the state they investigated. And so that was determined to be okay. But in that same motion, by pro se motion, the defendant did file a certificate, a verification, a 109 verification. And at the time he did that, it was prior to the change in 604D. But it has since obviously been changed, and that would be sufficient. And it was incorporated back into Consul's amended motion to vacate. She brought out the timeliness issue, and she incorporated and attached that certificate. So to that degree, I want to say that in my brief, I suggest that that really had to be done. But in reviewing, I don't believe that really had to be done because there was the certificate. And that's a different type of requirement. That's obviously to get it to be before the court. But it's not about what has to be presented in an evidentiary hearing to support the out of court statements. When you have the other side basically saying that they are fine with accepting those facts as true, I think that we can short circuit it and then not present evidence. You just said that when it works because the other side is agreeing that those facts are true. The problem I'm having with that statement is I thought I previously heard you say that the state was claiming that it was going to rely on the record, which apparently was inconsistent and contradictory to the allegations of fact, which supposedly were in the motion, which you claim the state was stipulating to. So either I'm very confused or there is a material issue of fact, which was not presented through any evidence whatsoever by defense counsel. And the trial court was correct to say that there is no evidence here. So then the next question is, was there no evidence because there was no evidence? Or was there no evidence because counsel was ineffective in presenting the evidence? Well, I think there is no evidence because there's nothing to suggest that there was anything additional to the allegations that were made in the motion. And in terms of what the state agreed to, it agreed by saying that it was only going to rely on the record. It was certainly the reasonable inference on it. And it did act this way, too, is that it was not going to be disputing that, in fact, he was only getting one medication, that, in fact, there were threats made to the mother. But what he was disputing is that those, you know, given that anything that could have been brought in, that those were not sufficient to show that overbore his will and made it that the court was there, heard from the defendant on several occasions, remembered that, cited that as part of the reasoning. The defendant even asked a question of his own during the, after the, was asked if he understood, and he said yes, but he wanted to know something about his stay. He certainly informed the court by everything he said that he understood the plea process. Any other questions? Thank you. Thank you. Thank you, Your Honor. So, I will stop at all arguments in this case. Okay. Before we take recess, do you have any other questions you want to ask Ms. Fiske or Dick, or anything? No, I'm good. Then we'll take a short recess. Is there other cases on the court?